UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVON TERRELL ROSS,
Plaintiff,
v.
COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,
Defendant.

Case No. 26-cv-03204-JSC

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 5

Javon Terell Ross alleges extensive injuries caused by a slip and fall accident that occurred on icy stairs at a student housing building owned by the Trustees of Columbia University in the City of New York ("Columbia"). Columbia's motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6) is now pending before the Court. (Dkt. No. 5)[1] Having carefully considered the parties' submissions, and having had the benefit of oral argument on June 24, 2026, the Court concludes it lacks personal jurisdiction of Plaintiff's claims, and pursuant to 28 U.S.C. § 1631, transfers this action to the Southern District of New York.

## BACKGROUND

### A. Complaint Allegations

On February 1, 2023, Plaintiff, a former Columbia University student, slipped and fell on black ice while "navigating a set of stairs" at a Columbia student housing building in New York. (Dkt. No. 1-1 at 5.) Plaintiff's left foot lost traction when it met the top step, and he slipped and fell on his left hand, "driving his left shoulder into the left side of his head" which "violently impacted" his left neck, ear, and jaw region. (*Id.*)

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

The fall caused Plaintiff to develop multiple medical conditions, including functional neurological disorder, myoclonus, spinal cord injury, traumatic brain injury, post-concussion syndrome, chronic benign paroxysmal positional vertigo, whiplash, rib trauma, dysarthria, post-traumatic stress disorder, chronic pain syndrome, and polytrauma clinical triad. (*Id.*)

Plaintiff alleges Columbia was "intentionally negligent" in its "refusal to abide by the applicable laws governing several [Americans with Disabilities Act] and other [g]eneral building code laws in conjunction with [New York City Department of Sanitation] Snow laws." (*Id.*) He similarly claims this negligence created unsafe premises. (*Id.* at 6.)

**B. Procedural Background**

Plaintiff sued Columbia in the Superior Court of Alameda County alleging general negligence and premises liability. (Dkt. No. 1-1.) Columbia removed the case to this Court on the basis of diversity jurisdiction and moved to dismiss. (Dkt. Nos. 1, 5.) Plaintiff filed an opposition memorandum, which included a request for leave to amend. (Dkt. No. 14.) Columbia then filed a reply brief. (Dkt. No. 15.)

Shortly before the June 24, 2026 hearing on Columbia's motion to dismiss, Plaintiff filed supplemental materials. (Dkt. Nos. 22, 23.) These materials consist of emails and documentation regarding Plaintiff's ongoing dispute with Columbia over his medical leave, eviction from student housing, and Columbia's designation of Plaintiff as persona non grata. (*Id.*)

## DISCUSSION

## I. COLUMBIA'S 12(B)(2) MOTION TO DISMISS

Columbia moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. Since the Court concludes it lacks personal jurisdiction, this Order does not address the Rule 12(b)(6) issue.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted). To assess whether the plaintiff's pleadings make a prima facie showing of personal jurisdiction, "uncontroverted

United States District Court
Northern District of California

allegations in the complaint must be taken as true[,]" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (citations omitted).

To exercise personal jurisdiction over a non-resident defendant, the Due Process Clause of the Fourteenth Amendment requires the defendant have at least "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). Personal jurisdiction can be either general or specific. General personal jurisdiction exists "only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific personal jurisdiction arises when a defendant takes "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* (citations omitted).

### A. General Jurisdiction

Columbia asserts it is not subject to general jurisdiction in California because it is neither headquartered nor incorporated in California, and Plaintiff concedes there is no general jurisdiction. (Dkt. No. 5 at 5; Dkt. No. 14 at 7.) Plaintiff's Complaint merely states the Superior Court of Alameda County is the proper court because "PLAINTIFF is currently a resident of OAKLAN [*sic*], CALIFORNIA – ALAMEDA COUNTY" and does not address Columbia's place of incorporation or its principal place of business. (Dkt. No. 1-1 at 3.) Columbia's request for judicial notice includes public records showing Columbia is a New York entity with an address in New York, New York. (Dkt. No. 5-1, Exs. 1-3.)[2] Plaintiff has therefore failed to make a prima facie showing Columbia is "essentially at home" in California. *See Ford Motor*, 592 U.S. at 352 (citations omitted).

---

[2] The Court takes judicial notice of the public records and court records in Columbia's unopposed Requests for Judicial Notice pursuant to Federal Rule of Evidence 201. (Dkt. Nos. 5-1, 16.) These documents are judicially noticeable because they contain facts "not subject to reasonable dispute" that can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). This includes "undisputed matters of public record" and "documents on file in . . . state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

United States District Court
Northern District of California

**B. Specific Jurisdiction**

The Ninth Circuit employs a three-prong test to examine whether a nonresident defendant's minimum contacts are sufficient for specific jurisdiction:

> (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself on the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Briskin v. Shopify, Inc.*, 135 F.4th 739, 750-51 (9th Cir. 2025) (quoting *Schwarzenegger*, 374 F.3d at 802). Plaintiff bears the burden of establishing the test's first two prongs, but Columbia has the burden of demonstrating the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802.

**1. Purposeful Availment & Purposeful Direction**

Under the first prong of the specific jurisdiction analysis, the Ninth Circuit employs the purposeful availment test, the purposeful direction test, or "some combination thereof" as there is no "rigid dividing line between" the two tests. *Briskin*, 135 F.4th at 751, n.10 (citations omitted). Purposeful direction primarily applies to intentional tort claims because it looks to a defendant's "intentional act" expressly directed at the forum state. *Id.* at 751. Since Plaintiff is alleging negligence and premises liability—and neither is an intentional tort—purposeful availment is more apt here. But, under either test, Plaintiff has failed to plausibly allege Columbia specifically directed activities at or targeted California.

**a. Purposeful Availment**

Purposeful availment requires Plaintiff to demonstrate Columbia "deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor*, 592 U.S. at 359 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Plaintiff has not alleged any facts that support an inference Columbia attempted to reach beyond New York and deliberately exploit the market in California, nor has he alleged he entered into a contractual relationship with Columbia in California. Instead, the

United States District Court
Northern District of California

Complaint's alleged tortious conduct arises from Columbia's maintenance of its student housing building in New York City. (Dkt. No. 1-1 at 5-6.)

Plaintiff claims Columbia's "ongoing conduct . . . continues to impact [him] in California" and points to Columbia's alleged "[p]rolonged failure to respond to Plaintiff's requests[,]" "[c]ontinued interference with Plaintiff's education[,]" "[h]ousing loss and resulting homelessness[,] and "[o]ngoing enforcement of restrictions affecting Plaintiff[.]" (Dkt. No. 14 at 6-7.) However, these allegations address conduct beyond the scope of Plaintiff's original negligence and premises liability claims, which are limited to events that occurred in New York. And although Plaintiff asserts he experiences ongoing harm in Oakland, California, "mere injury to a forum resident is not a sufficient connection to the forum . . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. None of Plaintiff's allegations support the inference Columbia purposefully targeted California in its course of business.

Therefore, Plaintiff has not made a prima facie showing of Columbia's purposeful availment of the benefits and protections of California law.

**b. Purposeful Direction**

Plaintiff has also not satisfied the purposeful direction test, which is mainly employed in intentional tort cases and "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin*, 135 F.4th at 751 (citations omitted). This test "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (citations omitted). It "does not require that the defendant be physically present in the forum state[.]" *Id.* at 751-52.

Plaintiff claims Columbia was "intentionally negligent" in its "refusal to abide by the applicable laws governing several [Americans with Disabilities Act] and other [g]eneral building code laws in conjunction with [New York City Department of Sanitation] Snow laws." (*Id.*) However, this bare allegation does not plausibly support an inference of intentional conduct.

United States District Court
Northern District of California

Plaintiff's assertion Columbia's conduct was "directed at Plaintiff with foreseeable effects in California, where Plaintiff resides" is also insufficient for purposeful direction. (Dkt. No. 14 at 7.) Columbia's allegedly negligent maintenance of its student housing building in New York could not have plausibly been expressly directed at Plaintiff with foreseeable effects in California.

None of the allegations show a connection between Plaintiff's original negligence and premises liability claims—which are inextricably linked to New York—and any intentional conduct by Columbia directed toward California. Plaintiff has not plausibly alleged Columbia intentionally committed an act expressly targeting California, and he has therefore failed to satisfy the first prong of the specific jurisdiction test.

**2. Causal Nexus**

The second prong of the specific jurisdiction test requires Plaintiff to show his claim "arises out of or relates to the defendant's forum-related activities[.]" *Briskin*, 135 F.4th at 751. Specifically, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (internal quotation marks and brackets omitted)).

As discussed, Plaintiff's tort claims do not support an inference of a connection to California because the allegations supporting these claims are limited to events that unfolded in New York. (Dkt. No. 1-1 at 5-6.) Drawing inferences in Plaintiff's favor, the sole allegation that supports an inference of an affiliation between the forum and Plaintiff's claims is his current residence in California, which is where he allegedly suffers the ongoing harm raised in his opposition. (*Id.* at 3; Dkt. No. 14 at 6-7.) But specific jurisdiction cannot be established over a defendant "merely because [the plaintiff] was residing" in the forum state. *Kulko v. Superior Court of Cal., City and Cnty. of San Francisco*, 436 U.S. 84, 93 (1978). Because Plaintiff's alleged ongoing harm could have just as easily occurred in any other state had he moved elsewhere, Plaintiff has not met his burden of showing his claim arises out of or relates to Columbia's activities in California.

United States District Court
Northern District of California

Since Plaintiff has failed to satisfy the first two prongs of the specific jurisdiction test, the Court lacks personal jurisdiction over Columbia and does not reach the parties' arguments as to the third prong.

## II. LEAVE TO AMEND

Plaintiff's opposition requests leave to amend should the Court grant Columbia's motion. (Dkt. No 14 at 10.) The opposition also raises new claims not in the Complaint, such as retaliation, failure to accommodate, and race, religious, and disability discrimination. (*Id.* at 8-9.) Plaintiff argues Columbia's failure to accommodate his disabilities following his accident interfered with his education and led to eviction and homelessness, which caused Plaintiff to move back to California. (*Id.* at 7.)

At oral argument, Plaintiff asserted Columbia expressly aimed its conduct toward California because it was aware he was from California and would return there should Columbia evict him from student housing. But, even construed in Plaintiff's favor, this allegation does not support the inference Columbia initiated eviction proceedings expressly aimed at California with the goal of causing Plaintiff harm in California. Since Plaintiff could have moved to any other state and suffered the same alleged ongoing harm, his new allegations do not meet his burden of showing Columbia purposefully directed an intentional act toward the forum state. *See Walden*, 571 U.S. at 286 ([A] defendant's relationship with a plaintiff . . ., standing alone, is an insufficient basis for jurisdiction.").

Although these new facts and claims cannot be considered when assessing whether dismissal is warranted, they may be considered when weighing whether to grant dismissal with leave to amend. Based on Plaintiff's responses during the hearing and upon review of Plaintiff's supplemental material, the Court does not grant leave to amend. Plaintiff cannot allege additional jurisdictional facts that would support Columbia having sufficient minimum contacts in California. Since leave to amend may be denied if "the pleading could not possibly be cured by the allegation of other facts[,]" Plaintiff's request for leave to amend is denied. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations omitted).

## III. TRANSFER OF VENUE

When a District Court finds a "want of jurisdiction, the court shall, in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Once transferred, the action shall proceed as if it had "been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *Id.* "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (quotation marks and citations omitted). Courts may also consider "whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Id.* (citations omitted). "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Id.*

Transfer is warranted. First, this Court finds a want of personal jurisdiction over Columbia for the reasons explained above. Second, Columbia resides in New York, New York, which is within the Southern District of New York. (Dkt. 5-1 at 6, 10.) It is therefore "subject to [New York's] personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). Since the Southern District of New York is the "judicial district in which [Columbia] resides" and it is where "a substantial part of the events . . . giving rise to the claim occurred," it is therefore a venue in which the action could have been brought at the time it was filed. 28 U.S.C. § 1391(b)(1)-(2). Third, transfer is in the interest of justice because the parties consented to transfer of venue at oral argument and it would allow the case to proceed in the proper venue.

## CONCLUSION

For the reasons articulated above, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction and **TRANSFERS** this action to the Southern District of New York. Defendant's 12(b)(6) motion to dismiss is **DENIED without prejudice** to re-filing once the action has been transferred to the Southern District of New York.

**IT IS SO ORDERED.**

//

United States District Court
Northern District of California

Dated: July 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge